**CHEVALIER, Plaintiff-Appellee, v. LAKEWOOD HOUSING CO., et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20821.   Decided July 19, 1948.

Woodle & Wachtel, Cleveland, for plaintiff-appellee.

Robert J. Shoup, Richard C. Green, Cleveland, for City of Cleveland.

Charles F. Ross, Cleveland, for City of Lakewood.

## OPINION

By STEVENS, J.

This action was one wherein plaintiff sought damages from defendants for injuries sustained by her when she fell while crossing the street car tracks of the City of Cleveland at Clifton Boulevard in the City of Lakewood.

The petition charged the City of Cleveland, acting in its proprietary capacity, with negligence, and the creation of a common-law nuisance, in the maintenance of its street car tracks at the place where plaintiff's injuries were sustained.

The City of Lakewood was charged in its governmental capacity with permitting the creation of a nuisance, under

§3714 GC in allowing the tracks of the City of Cleveland to be maintained in a public street in a dangerous condition, without adequate lighting, and in the location of said tracks.

The Lakewood Housing Company was dismissed from the case upon its motion.

To the petition, separate answers of the defendants were filed which in effect were general denials of the allegations of the petition.

The case was submitted to a jury and a verdict for plaintiff returned upon which judgment was thereafter entered.

This appeal on questions of law followed.

The assignments of error of defendant The City of Lakewood follow:

1. The Court erred in overruling the motion by the City of Lakewood to require plaintiff to elect whether she would proceed against said defendant on the ground of nuisance or on the ground of negligence.

2. The court erred in overruling the motions by the City of Lakewood to require plaintiff to elect against which defendant she would proceed.

2. The court erred in denying the request of the City of Lakewood to submit interrogatories for special findings to the jury.

4. The court erred in overruling said defendant's motions for a directed verdict in its favor.

5. The court erred in overruling said defendant's motion for judgment, notwithstanding the verdict.

The City of Cleveland assigns as error that the court erred in overruling the motions of said city for a directed verdict, and for judgment non obstante veredicto.

The plaintiff's own evidence discloses that she had crossed the tracks of defendant, City of Cleveland, at the place in question 25 or 30 times prior to this occurrence, but always in the daytime; that she knew the tracks were three inches above the level of the walk at the place where she fell; that she saw the tracks before she came to the north rail of the eastbound track; that she lifted her foot to step over the rail, caught her toe on the rail and fell; that she crossed the tracks at a place which she knew to be other than a crosswalk and that cross-walks both east and west of the place where plaintiff fell were approximately 180 feet distant.

At the conclusion of plaintiff's case and again at the conclusion of all the evidence, the defendants interposed motions for directed verdicts which were overruled. After the return of the verdict, a motion for judgment notwithstanding the verdict was filed by each defendant and overruled.

The first assignment of error of the City of Lakewood, we find to be untenable, because the petition of the plaintiff in terms charged said defendant only with the maintenance of a nuisance, under the statute (§ 3714 GC), and there was hence no basis for an election of remedies by plaintiff as between nuisance and negligence in so far as the City of Lakewood was concerned.

The second error assigned by the City of Lakewood has to do with the trial court's refusal to require plaintiff to elect which defendant she would pursue as between the City of Lakewood and the City of Cleveland for the reason that one (City of Lakewood) was charged with the maintenance of a nuisance, and the other (City of Cleveland) with negligence only, and that these parties were not joinable as defendants.

Even a casual reading of the petition discloses that both defendants were charged with the maintenance of a nuisance and that the City of Cleveland was alleged also to have been guilty of negligence.

The defendants City of Lakewood and City of Cleveland were properly joinable in one action as defendants, and we find no prejudicial error in the court's ruling upon that subject.

**Cleveland Railway Co. v. Heller, 15 Oh Ap Rep. 346.**

The next error assigned raises the question as to the propriety of the trial court's ruling when it refused to submit to the jury, for answer, nine special interrogatories propounded by the City of Lakewood.

Without setting out the interrogatories in full, it is sufficient to say that, if the case was one properly submissible to the jury, under the provisions of §11420-17 GC, the trial court was required to submit said interrogatories to the jury, if they presented questions pertinent to the issues of the case and required answers which established probative facts from which ultimate material facts might be inferred as a matter of law, and tended to test the correctness of the general verdict.

All of the interrogatories submitted dealt with the question of whether or not plaintiff knowingly crossed Clifton Boulevard at a place other than a crosswalk, and whether or not crosswalks were an unreasonable distance apart. They were germane to the issues of the case as bearing upon the question of plaintiff's contributory negligence, and should have been given.

We are of the opinion that the court's refusal to submit all of said interrogatories to the jury, under the facts of this case, was prejudicially erroneous, assuming that the case was such as required its submission to the jury.

490

Defendant, City of Lakwood's assignments of error 5 and 6 will be considered together with defendant, City of Cleveland's assignments 1 and 2.

First, the claim of both defendants that the court erred in failing to direct a verdict for defendants at the conclusion of plaintiff's evidence and of all the evidence:

From a consideration of the entire evidence contained in this record, we are unanimously of the opinion that the plaintiff's own evidence raised an inference of her own contributory negligence, proximately contributing to cause her injuries, which was not countervailed by other evidence, and that by reason thereof the trial court should have sustained defendants' motions for directed verdicts made at the close of plaintiff's case and at the conclusion of all the evidence.

C. C. C. & St. L. Ry. Co. v. Lee, Admr. 111 Oh St 391.

Tresise v. Ashdown, Admr. 118 Oh St 307, 316.

Leighton v. Hower Corp. 149 Oh St 72.

For the same reason defendants' motions for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed as being contrary to law, and this court will enter the judgment which the trial court should have entered.

Final judgment in favor of defendants, City of Lakewood and City of Cleveland will be entered at plaintiff's costs.

DOYLE, PJ, HUNSICKER, J, concur.